NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES S. SLAUGHTER, | : | |
| | : | Civil Action No. 12-2577 (WJM) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DALE K. PERRY, et al., | : | |
| | : | |
| Defendants. | : | |

APPEARANCES:

Plaintiff pro se
Charles S. Slaughter
786227/491769
8 Production Way 8L
Avenel, New Jersey 07001

**MARTINI, District Judge**

Plaintiff Charles S. Slaughter, a prisoner confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff states that his First, Eighth, and Fourteenth Amendment rights were violated because he did not receive documents pursuant to his request for materials under the Open Public Records Act (OPRA).  Plaintiff alleges that Defendant Perry, as an "OPRA Custodian," denied Plaintiff's request for documents.

Plaintiff states that in June of 2010, the Superior Court, Appellate Division reversed a decision of the Government Records Council (GRC) to deny Plaintiff's OPRA request.[1]  Plaintiff then, on November 19, 2011, resubmitted his OPRA request, which was ultimately sent to Defendant Perry.  That request was denied.

Plaintiff filed a motion in state court on December 28, 2011 to challenge the denial of his most recent OPRA request and to compel the release of the requested documents.  That motion was denied on February 7, 2012.  Thereafter Plaintiff appealed the

---

[1]The Court notes that while the decision referred to by Plaintiff, Slaughter v. Government Records Council, 413 N.J. Super 544, 997 A.2d 235 (N.J.Super.A.D. June 4, 2010), resulted in a reversal, the effectiveness of the decision was delayed until November 5, 2010.

2

denial of the motion; the Supreme Court of New Jersey denied the appeal on April 3, 2012.

Plaintiff now brings this lawsuit against Defendants "Dale K. Perry, OPRA Custodian," "Jose L. Fuentes, P.J.A.D.," and "Stuart Rabner, Chief Justice, N.J.S.C." Plaintiff seeks damages in the amount of $2,250,000.00, plus court costs and filing fees. Additionally, Plaintiff seeks a court order to release the requested documents.

## II.   STANDARD OF REVIEW

A.   Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint

are plausible.  See Iqbal, 129 S. Ct. at 1949-50.  See also Twombly, 505 U.S. at 555, & n.3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

B.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

5

## III.   DISCUSSION

A.   Dismissal as against Defendants Fuentes and Rabner

Defendants Hudson County Superior Court Judge Jose L. Fuentes and New Jersey Supreme Court Chief Justice Stuart Rabner should be dismissed from this matter as they are judicial officers who are immune from suit under these circumstances. Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit.   Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).   Judicial immunity is absolute and cannot be overcome by allegations of bad faith or malice.   Id. at 11.   Rather, the only two exceptions to judicial immunity are for non-judicial actions or for a judicial action taken in the complete absence of jurisdiction.   Id. "Whether an act by a judge is 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of parties."   Stump v. Sparkman, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).   Here, the actions of Defendant Fuentes and Rabner complained of by Plaintiff are judicial in nature and as such protected by judicial immunity.

Further, to the extent that Plaintiff seeks review of judicial decisions already rendered and attempts to use this Complaint as an attempt for reconsideration or further appeal of the state court judgments, this Court lacks subject matter

jurisdiction to entertain such requests.  The <u>Rooker</u>-<u>Feldman</u>
doctrine[2] recognizes that a litigant who was unsuccessful in a
state court proceeding cannot seek review of those proceedings by
a federal district court.  <u>Middlebrook at Monmouth v. Liban</u>, 419
F. App'x 284, 285 (3d Cir. 2011).  The doctrine thus bars this
Court from reviewing or overturning the prior rulings in state
court.

B.   <u>Dismissal as against Defendant Perry</u>

     As to Defendant Perry, Plaintiff has not stated a claim upon
which relief may be granted here.  As noted above, in order to be
entitled to relief under 42 U.S.C. § 1983, a plaintiff must
allege a violation of a right secured by the Constitution or laws
of the United States and that the alleged deprivation was
committed or caused by a person acting under color of state law.

     Here, Defendant Perry's actions to deny Plaintiff's OPRA
request cannot be shown to have violated any constitutional
standards.  Plaintiff's allegations do not trigger any federal
rights and as such the complaint must be dismissed.

---

[2]The doctrine is derived from <u>Rooker v. Fidelity Trust Co.</u>,
263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and <u>District of
Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct.
1303, 75 L.Ed.2d 206 (1983).

IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed for failure to state a claim.  An appropriate order follows.


WILLIAM J. MARTINI
United States District Judge

Dated: *10/12/12*

8